Matter of Portocarrero v Poole (2024 NY Slip Op 04929)

Matter of Portocarrero v Poole

2024 NY Slip Op 04929

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 452958/22 Appeal No. 2724 Case No. 2023-02757 

[*1]In the Matter of Willy Portocarrero, Petitioner-Appellant,
v
Shiela J. Poole etc., et al., Respondents-Respondents.

Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for appellant.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for State respondent.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Antonella Karlin of counsel), for Administration of Children's Services, respondent.

Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered April 24, 2023, which denied the petition to annul a determination of the New York State Office of Children and Family Services (OCFS), dated July 21, 2022, denying petitioner's request to amend his record in the Statewide Central Register of Child Abuse and Maltreatment, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Amendments to the Social Services Law, effective January 1, 2022, create an "irrebuttable presumption in a fair hearing" that allegations in a report of child abuse or maltreatment have not been proven by a fair preponderance of the evidence where an article 10 Family Court proceeding based on the same allegations terminates in the subject's favor (Social Services Law § 422[8][b][ii]). OCFS declined to apply the irrebuttable presumption at petitioner's fair hearing, held after the amendments' effective date, because petitioner had commenced his administrative appeal before the effective date.
In Matter of Woodley v Poole, 226 AD3d 461, 462 [1st Dept 2024] [internal quotation marks omitted]), a case presenting almost identical facts and issues, this Court held that "OCFS's determination not to apply the irrebuttable presumption at petitioner's fair hearing was not irrational or unreasonable." Clearly Matter of Woodley is controlling, and we find no basis to overrule it. Petitioner relies on "arguments that this Court has already considered and rejected" and "raise[s] no compelling justification beyond his disagreement with [Matter of Woodley]'s holding, which is insufficient to overcome stare decisis considerations" (Perella Weinberg Partners LLC v Kramer, 226 AD3d 523, 524 [1st Dept 2024]), particularly on matters of statutory interpretation (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 819-820 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024